# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TAVON M. MAYS,

    Plaintiff,

v.                                                                             Civil Action 2:21-cv-2604
                                                                      Judge Sarah D. Morrison
                                                                      Magistrate Judge Jolson

MICHAEL DILLON,

    Defendant.

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Undersigned on Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint (Doc. 1-1).

## I. BACKGROUND

Plaintiff filed the instant action on May 19, 2021, against Defendant Whitehall Police Officer Michael Dillion. (*See generally* Doc. 1-1). Therein, Plaintiff alleges that Defendant "interfered with a custody order that [Plaintiff] had for his son[.]" (*Id*. at 3). In doing so, Plaintiff alleges, Defendant "violated [his] constitutional rights to due process." (*Id*.). In terms of relief, Plaintiff represents that he "want[s] the Courts to make sure Whitehall police don't go against an order that a judge puts in place [and] . . . to be compensated for time and money . . . invested on this claim." (*Id*).

Upon initial review, the Undersigned was unable to determine whether Plaintiff's Complaint brings a cognizable claim for relief as required by Rule 8(a)(2) of the Federal Rules of

Civil Procedure. (Doc. 2). Accordingly, the Undersigned issued a show cause order directing Plaintiff to allege more specific facts supporting the allegations in his Complaint. (*Id*.). Plaintiff filed his response to the Show Cause Order on May 25, 2021. (Doc. 3). Accordingly, Plaintiff's Complaint is now ripe for screening. First, however, the Undersigned briefly discusses Plaintiff's previous history litigating in this Court.

Plaintiff is no stranger to litigating in this Court. In fact, the instant action is the fourth suit, in the past year, he has filed in this Court. *See Mays v. The Columbus Police Dept. et al.*, 2:20-cv-01060-EAS-KAJ (S.D. Ohio Feb. 26, 2020); *Mays v. Franklin Cnty. Corr. Center*, 2:21-cv-00986-EAS-KAJ (S.D. Ohio Mar. 9, 2021); *Mays v. Baldwin*, 2:21-cv-02602-ALM-CMV (S.D. Ohio May 19, 2021). The three other cases, which the Court concluded are related and have been consolidated, all relate to Plaintiff's previous criminal adjudication and incarceration. The instant action, however, arises under an entirely separate set of facts.

Considering these numerous filings, the Undersigned finds it prudent to remind Plaintiff that the Court has a responsibility to "prevent litigants from unnecessarily consuming judicial resources needed by others." *U.S. v. Rotnem*, 5:16-cr-388, 2020 WL 2063408, at *2 (N.D. Ohio Apr. 29, 2020). In doing so, the Court has discretion to "enjoin[] vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings." *Id*. (citing *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). While the Court takes no such action here, Plaintiff should be aware that if he continues to file duplicitous and frivolous lawsuits, he may be subject to such enjoinment.

## II.  STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. DISCUSSION

On its face, Plaintiff's Complaint fails to state a claim upon which relief can be granted. And the scant factual allegations in his recent Response to the Show Cause Order do nothing to change that conclusion. (*See generally* Doc. 3). In that Response, Plaintiff claims:

> [T]hat he showed [Defendant] custody papers on the day of the alleged incident, stating that [Plaintiff] was supposed to pick his son up at the school. [Plaintiff] also told [Defendant] there was a pending custody case involving [him] and [the] child's mother. [Defendant] went against the order without substantial proof that the child was in danger.

(*Id*. at 1). Finally, Plaintiff represents that Defendant "had no right to violate [his] fourteenth amendment rights[,]" and also alleges a violation of Ohio Rev. Code § 2919.23—Interference with

Custody. (*Id.*). This is the entirety of Plaintiff's Response. Taken together with the precursory allegations in the Complaint (*see* Doc. 1-1), Plaintiff has failed to state a claim upon which relief can be granted.

First, to the extent Plaintiff is bringing a claim under 42 U.S.C. § 1983 for an alleged denial of his "constitutional right to due process," he has failed to connect Defendant to any harm he allegedly suffered. "Two traditional tort principles show that a § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury." *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original) (citing *Manuel v. City of Joliet*, 137 S.Ct. 911, 920 (2017); *Filarsky v. Delia*, 566 U.S. 377, 380 (2012)). Here, Plaintiff only alleges a general deprivation of his constitutional rights, but does not sufficiently connect Defendant to that deprivation, arguing only that he "interfered with a custody order." (Doc. 1-1 at 2). Accordingly, dismissal is appropriate.

Second, to the extent Plaintiff is alleging a state law claim under Ohio Rev. Code § 2919.23, this Court does not have diversity jurisdiction over any such claim because Plaintiff, an Ohio resident, is suing another Ohioan. When federal jurisdiction is based on diversity of citizenship, complete diversity must exist between all adverse parties. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)). Furthermore, because any federal-question claims fail, *see supra*, the Court has no hook for supplemental jurisdiction. When all federal claims are dismissed before trial, state-law claims "generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009).

**IV. CONCLUSION**

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a).

Furthermore, having performed an initial screen and for the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint (Doc. 1-1).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.

Date: June 2, 2021  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE