UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TAVON M. MAYS,**

    **Plaintiff,**

:

v.

Case No. 2:21-cv-2604
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

**MICHAEL DILLON,**

:

    **Defendant.**

## OPINION AND ORDER

This 42 U.S.C. § 1983 matter is before the Court upon consideration of an Order and Report and Recommendation (R&R) issued by the Magistrate Judge on June 2, 2021. (ECF No. 5). The R&R recommends dismissal under 28 U.S.C. § 1915(e)(2) because Plaintiff's Complaint fails to state a claim upon which relief can be granted. (*Id.*). Plaintiff Tavon M. Mays objects. (ECF No. 6).

### I. BACKGROUND

The Magistrate Judge granted Plaintiff's request to proceed *in forma pauperis*. (ECF No. 5). Plaintiff filed a complaint against Defendant Whitehall Police Officer Michael Dillion on May 19, 2021. (ECF No. 1–1). Therein, Plaintiff alleges that Defendant "interfered with a custody order that [Plaintiff] had for his son[.]" (*Id.*, PageID 6). In doing so, Plaintiff alleges, Defendant "violated [his] constitutional rights to due process." (*Id.*). For relief, Plaintiff "want[s] the Courts to make sure Whitehall police don't go against an order that a judge puts in place

1

[and] . . . to be compensated for time and money . . . invested on this claim." (*Id.*, PageID 7).

The Magistrate Judge issued a show cause order directing Plaintiff to allege more specific facts supporting the allegations in his Complaint. (ECF No. 2). Plaintiff filed his response, in which he alleges:

> [T]hat he showed [Defendant] custody papers on the day of the alleged incident, stating that [Plaintiff] was supposed to pick his son up at the school. [Plaintiff] also told [Defendant] there was a pending custody case involving [him] and [the] child's mother. [Defendant] went against the order without substantial proof that the child was in danger.

(ECF No. 3, PageID 13). Considering all these allegations, the Magistrate Judge recommends dismissal of the Plaintiff's Complaint.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and

in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure state a claim under [28 U.S.C. § 1915(e)(2)(B)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Jones v. Domberski*, No. 2:20-CV-199, 2020 WL 5902516, at *1 (E.D. Tenn. Oct. 1, 2020) (citing *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (internal quotations omitted)).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550

U.S. at 555). And although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III.  DISCUSSION

Plaintiff raises two new issues in his Objection, and the Court will address only those issues. The Court adopts all other findings and recommendations of the Magistrate Judge.

First, Plaintiff alleges Defendant violated 18 U.S.C. § 242. (ECF No. 6, PageID 23). The Court, however, "cannot assume jurisdiction of a civil action filed under [18 U.S.C. § 242]." *Watson v. Devlin*, 167 F. Supp. 638, 640 (E.D. Mich. 1958), *aff'd*, 268 F.2d 211 (6th Cir. 1959). This section is "part of the criminal code and civil relief is not afforded by [it]." *Jenkins v. Livonia Police Dep't*, No. 13-14489, 2016 WL 759338, at *4 (E.D. Mich. Feb. 26, 2016) (citing *Watson*, 168 F. Supp. at 640). Here, Plaintiff seeks civil relief and thus cannot maintain a claim under 18 U.S.C. § 242.

Second, in support of his § 1983 claim, Plaintiff asserts he suffered "emotional stress from being wrongly kept away from son." (ECF No. 6, PageID 23). And because the incident with Defendant was "brought up in court," Plaintiff argues, it "directly or indirectly" affected his life and the child custody case. (*Id.*, PageID 24). "[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury." *Mays v. Dillon*, No. 2:21-CV-2604, 2021 WL 2223955, at

4

*2 (S.D. Ohio June 2, 2021) (Vascura, M.J.) (citing *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original)). Considering these new assertions and all prior allegations, Plaintiff has not plausibly shown Defendant is personally at fault or caused Plaintiff's emotional distress. Rather, he makes conclusory statements without any supporting facts.

The Magistrate Judge found that "Plaintiff only alleges a general deprivation of his constitutional rights, but does not sufficiently connect Defendant to that deprivation, arguing only that he 'interfered with a custody order.'" (ECF No. 5, PageID 21). That remains true, even considering Plaintiff's Objection. While the new assertions indicate the type of injury suffered, they do not sufficiently connect the Defendant to a deprivation of Plaintiff's constitutional rights. Accordingly, Plaintiff fails to meet basic pleading requirements and has not alleged a viable § 1983 claim.

### IV. CONCLUSION

Plaintiff's Objections (ECF No. 6) are **OVERRULED**, and his claims are dismissed pursuant to § 1915(e). The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 5). The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

IT IS SO ORDERED.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

5